UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                    CASE NO. 19-20115
                                        HON. DENISE PAGE HOOD

v.

ROMANE PORTER,

      Defendant.
_____/

**ORDER GRANTING GOVERNMENT'S MOTIONS TO STRIKE DEFENDANT'S *PRO SE* MOTIONS [ECF Nos. 79, 82, 88, 91, 95]**

Defendant recently filed a number *pro se* motions with the Court, including:

1. "Motion to Dismiss Indictment - Request for *Franks* Hearing," ECF No. 78;

2. "Expedited/Emergency Motion for a Writ of Habeas Corpus," ECF No. 81;

3. "Motion to Dismiss Indictment and Request for Evidentiary Hearing," ECF No. 84;

4. "Emergency Motion for Bond Hearing and Emergency Request for Home Confinement," ECF No. 85;

5. "Motion to Dismiss," ECF No. 86;

6. "Motion to be Transferred to the VA Hospital," ECF No. 90; and

7. "Emergency Petition for Writ of Habeas Corpus to Release." ECF No. 92.

In response to Defendant's *pro se* motions, the Government has filed numerous Motions to Strike. The Government's Motions to Strike address all seven *pro se* motions identified above. *See* ECF Nos. 79 (re: ECF No. 78), 82 (re: ECF No. 81),[1] 88 (re: ECF Nos. 84, 85, 86), 91 (re: ECF No. 90), and 95 (re: ECF No. 92).

The Government indicted Defendant on February 28, 2019. Defendant was appointed counsel (John M. McManus), who entered an appearance on April 15, 2019 and was present at Defendant's arraignment on April 16, 2019. On July 8, 2019, Mr. McManus filed a motion for withdrawal of attorney due to a material breakdown of the attorney-client relationship. The Court granted Mr. McManus's motion for withdrawal on August 23, 2019, and ordered the appointment of new counsel. Defendant's next attorney, Bertram L. Johnson, filed an appearance on August 28, 2019. Mr. Johnson represented Defendant until the Court granted Mr. Johnson's oral motion to withdraw on January 30, 2020 and appointed new CJA counsel. *See* ECF No. 63.

On February 12, 2020, Defendant's third CJA counsel, Martin E. Crandall, filed an appearance on Defendant's behalf. ECF No. 64. Mr. Crandall represented

---

[1] The Government's filing at ECF No. 82 is filed as a "Response . . . re: 81 Motion," however, as the title of the document filed by the Government's expressly states, it is a "Motion . . . to Strike the Defendant's Emergency Motion for a Writ of Habeas Corpus [81]." *See* ECF No. 82, PageID.393.

Defendant from February 12, 2020 until January 29, 2021, when the Court granted his motion to withdraw, including at hearings and in filing documents on Defendant's behalf. Accordingly, Mr. Crandall represented Defendant as CJA counsel throughout October, November, and December 2020, when Defendant filed all seven motions identified above *pro se*.

It is well-established law in the Sixth Circuit that a criminal defendant cannot proceed with hybrid representation, whereby he asserts both the right to proceed *pro se* and the right to counsel – he must choose one or the other. *See, e.g., United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970)). The only possible exception would be if the Court permits a form of hybrid representation. *Mosely*, 810 F.2d at 97-98.

Defendant has not filed a motion to proceed *pro se* or by hybrid representation. The Court has not determined, and does not determine, that hybrid representation is appropriate or necessary at this stage of the proceedings. As Defendant was represented by counsel during the time he filed all seven *pro se* motions identified above, the Court will strike all seven of those *pro se* motions from the record.

Accordingly,

IT IS ORDERED that the Government's Motions to Strike [ECF Nos. 79, 82,

88, 91, and 95] are GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall promptly STRIKE ECF Nos. 78, 81, 84, 85, 86, 90, and 92.

IT IS FURTHER ORDERED that, although the seven motions at ECF Nos. 78, 81, 84, 85, 86, 90, and 92 have been stricken, they are stricken without prejudice, such that Defendant's newly appointed CJA counsel (Robert F. Kinney, III) may, in his discretion, file any or all of those motions on Defendant's behalf.

IT IS ORDERED.

                                                  s/Denise Page Hood
                                                  United States District Judge

Dated: May 4, 2021