

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-cr-20115 |
| Plaintiff, | Honorable Denise Page Hood |
| v. | Violations: |
| | 18 U.S.C. § 2 |
| D-1 ROMANE PORTER, | 18 U.S.C. § 371 |
| | 18 U.S.C. § 2312 |
| Defendant. | |
| _____/ | |

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
*Conspiracy to Transport Stolen Vehicles*
18 U.S.C. §§ 371 & 2312

D-1 ROMANE PORTER

Beginning at least as early as in or around March 2017, through in or around September 2017, in the Eastern District of Michigan and elsewhere, defendant ROMANE PORTER, knowingly combined, conspired, confederated, and agreed with others, both known and unknown to the Grand Jury, to commit an offense against the United States, namely, to violate Title 18, United States Code, Section 2312 (interstate transportation of stolen vehicles).

## Manner and Means of the Conspiracy

It was a part of the conspiracy that the defendant and others known and unknown to the Grand Jury, stole motor vehicles from the Silverdome lot in Pontiac, Michigan. It was further a part of the conspiracy that the defendant arranged for the sale and transportation of the stolen motor vehicles across state lines, knowing the motor vehicles had been stolen.

## Overt Acts

In furtherance of the conspiracy and to affect the objects of the conspiracy, the defendant and others committed the following overt acts, among others, in the Eastern District of Michigan and elsewhere:

1. The allegations contained in Count Two of this Superseding Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

2. The allegations contained in Count Three of this Superseding Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

3. The allegations contained in Count Four of this Superseding Indictment are alleged and incorporated as though fully set forth herein as separate overt acts.

4. On or about March 31, 2017, the defendant traveled to the Silverdome parking lot.

5. On or about April 8, 2017, the defendant traveled to the Silverdome parking lot.

6. On or about May 23, 2017, the defendant arranged for the transportation of a stolen 2015 Volkswagen Passat, VIN: 1VWCV7A39FC071041, from Detroit, Michigan to New Jersey.

7. On or about May 31, 2017, the defendant provided a title in the name of M.B. for a 2013 Volkswagen Passat, VIN: 1VWCN7A31DC051332, to M.B.

8. On or about June 2, 2017, the defendant traveled to the Silverdome parking lot.

9. On or about June 3, 2017, the defendant traveled to the Silverdome parking lot.

10. On or about June 9, 2017, the defendant sold a stolen 2014 Volkswagen Passat, VIN: 1VWBN7A39EC084835, to Last Stop Auto in Radcliff, Kentucky.

11. On or about June 10, 2017, the defendant arranged for the transportation of the stolen 2014 Volkswagen Passat from Detroit, Michigan to Louisville, Kentucky.

12. On or about June 26, 2017, the defendant submitted the articles of organization for MHHB Transportation LLC, listing himself as the organizer and resident agent.

13. On or about July 2, 2017, the defendant traveled to the Silverdome parking lot.

14. On or about July 3, 2017, the defendant traveled to the Silverdome parking lot.

15. On or about July 6, 2017, the defendant traveled to the Silverdome parking lot.

16. On or about July 7, 2017, the defendant traveled to the Silverdome parking lot.

17. On or about July 9, 2017, the defendant traveled to the Silverdome parking lot.

18. On or about July 22, 2017, the defendant traveled to the Silverdome parking lot.

19. On or about July 23, 2017, the defendant traveled to the Silverdome parking lot.

20. On or about August 6, 2017, the defendant traveled to the Silverdome parking lot.

21. On or about August 8, 2017, the defendant sold a stolen 2012 Audi Q7, VIN: WA1WMAFE4CD006799, and a stolen 2011 Volkswagen Touareg, VIN: WVGFK9BP0BD003328, to Last Stop Auto in Radcliff, Kentucky.

22. On or about August 11, 2017, the defendant, through MHHB Transportation, arranged for transportation of the stolen 2012 Audi Q7 from Redford, Michigan to Radcliff, Kentucky.

23. On or about August 14, 2017, the defendant, through MHHB Transportation, arranged for transportation of the stolen 2011 Volkswagen Touareg from Redford, Michigan to Radcliff, Kentucky.

24. On or about August 20, 2017, the defendant traveled to the Silverdome parking lot.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
*Transportation of Stolen Vehicles*
18 U.S.C. §§ 2312 & 2

D-1 ROMANE PORTER

On or about June 11, 2017, in the Eastern District of Michigan and elsewhere, defendant ROMANE PORTER, and others known and unknown to the Grand Jury, unlawfully transported and caused to be transported in interstate commerce a stolen vehicle, that is, a 2014 Volkswagen Passat, VIN: 1VWBN7A39EC084835, from the State of Michigan to the State of Kentucky, knowing the same to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT THREE
*Transportation of Stolen Vehicles*
18 U.S.C. §§ 2312 & 2

D-1 ROMANE PORTER

On or about August 12, 2017, in the Eastern District of Michigan and elsewhere, defendant ROMANE PORTER, and others known and unknown to the Grand Jury, unlawfully transported and caused to be transported in interstate commerce a stolen vehicle, that is, a 2012 Audi Q7, VIN: WA1WMAFE4CD006799, from the State of Michigan to the

State of Kentucky, knowing the same to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT FOUR
*Transportation of Stolen Vehicles*
18 U.S.C. §§ 2312 & 2

D-1 ROMANE PORTER

On or about August 15, 2017, in the Eastern District of Michigan and elsewhere, defendant ROMANE PORTER, and others known and unknown to the Grand Jury, unlawfully transported and caused to be transported in interstate commerce a stolen vehicle, that is, a 2011 Volkswagen Touareg, VIN: WVGFK9BP0BD003328, from the State of Michigan to the State of Kentucky, knowing the same to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

## FORFEITURE ALLEGATIONS

The allegations contained in Counts One through Four of this Superseding Indictment are realleged and incorporated by reference to allege forfeiture under Title 18, United States Code, Section 981(a)(1)(C), Title 18, United States Code, Section 982(a)(5), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United

States Code, Sections 2 and 2312, the defendant shall forfeit to the United States, under Title 18, United States Code, Section 982(a)(5), any property, real or personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of the offense.

Upon conviction of the conspiracy to violate Title 18, United States Code, Section 2312, in violation of Title 18, United States Code, Section 371, the defendant shall forfeit to the United States of America, under Title 18, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

The forfeiture in this case may include entry of a forfeiture money judgment in an amount up to the value of the property subject to forfeiture for the violations of conviction.

If, by any act of omission of the defendant, the proceeds of the offenses: cannot be located upon the exercise of due diligence, have been transferred, sold to, or deposited with a third party, have been placed beyond the jurisdiction of the court, have been substantially diminished in value, or have been commingled with other property which cannot be divided without difficulty, the United States of America shall seek to

forfeit substitute property under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL
*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney

*s/Craig F. Wininger*
CRAIG F. WININGER
Chief, Violent & Organized Crime Unit

*s/Danielle A. Asher*
DANIELLE A. ASHER
TREVOR M. BROAD
Assistant United States Attorneys

Dated: June 7, 2022

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>19-CR-20115 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: |

FILED USDC - CLRK DET
2022 JUN 7 PM3:09

Case Title: USA v. Romane Porter

County where offense occurred: Oakland

Check One:   ☒ Felony       ☐ Misdemeanor       ☐ Petty

____ Indictment/____ Information --- **no** prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number: _____ ]
__✓__ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: 19-CR-20115          Judge: Hon. Denise Page Hood

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Romane Porter | 18 U.S.C. §§ 371 & 2312<br>18 U.S.C. §§ 2312 & 2 | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 7, 2022
Date

Danielle Asher
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9518
Fax:   (313) 226-5464
E-Mail address: danielle.asher@usdoj.gov
Attorney Bar #: P-81362

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/16