UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 19-20115

v.        HON. DENISE PAGE HOOD

D-1   ROMANE PORTER,

        Defendant.

                                /

**GOVERNMENT'S MOTION TO ADMIT SELF-
AUTHENTICATING RECORDS UNDER
FEDERAL RULE OF EVIDENCE 902**

Pursuant to Federal Rules of Evidence 803(6), 902(11), 902(13), and 902(1), the United States of America, by its undersigned attorney, respectfully moves for the admission of the following records of regularly conducted activity:

    (1) Volkswagen Group of America

    (2) United Road

    (3) Pasha

    (4) Dock's Towing

    (5) Rock Security

    (6) Michigan Department of Licensing and Regulatory Affairs

(7) Michigan Secretary of State

(8) Kentucky Transportation Cabinet

(9) Huntington Bank

(10) Manheim Remarketing

(11) Home Confinement

(12) Attenti Electronic Monitoring

Pursuant to E.D. Mich. LR 7.1(a), on October 20, 2022, undersigned counsel requested defense counsel's concurrence and counsel indicated that he did not oppose the motion.

For the relevant records, which were provided on a disk to the Court, the records custodians from each business or organization certified, under penalty of perjury, the following:

a. He/she was familiar with the records maintained by the business/organization, and was the custodian of those records or otherwise qualified to identify them and certify their authenticity;

b. The records are originals or true and accurate duplicates thereof;

c. The records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

d. The records were kept in the course of regularly conducted business activity; and

  e. The records were made by the business as part of its regular practice.

 On September 29, 2022, the United States provided formal, written notice of its intent to introduce these self-authenticating documents under Rule 902(11), 902(13), and 902(1) to defense counsel, Henry Scharg. The government has provided these records and the accompanying certifications to defense counsel, and counsel has indicated that he has no objections to the list of self-authenticating records.

 Certified business records are admissible pursuant to Rule 902(11), and their admission does not violate the Confrontation Clause. *United States v. Adefehinti*, 510 F.3d 319, 325 (D.C. Cir. 2007); *United States v. Ellis*, 460 F.3d 920, 927 (7th Cir. 2006); *United States v. Yeley-Davis*, 632 F.3d 673, 680 (10th Cir. 2011); *United States v. Johnson*, 688 F.3d 494, 504 (8th Cir. 2012).

 Rule 902(13) likewise allows for the admission of records generated by an electronic process or system that produce an accurate result, as shown by a certification of a qualified person, through a certification rather than live testimony. Fed. R. Evid. 902(13). It

contains the same notice requirements as Rule 902(11), *id.*, and the language mirrors Rule 901(b)(9). *See* Fed. R. Evid. 902(13) advisory committee's note to 2017 amendment ("The Rule specifically allows the authenticity foundation that satisfies Rule 901(b)(9) to be established by a certification rather than the testimony of a live witness."). Here, in the relevant Rule 902(13) certificates, the records custodians also certified, under penalty of perjury, the following:

    a. the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of the entity in a manner to ensure that they are true duplicates of the original records; and

    b. the process or system is regularly verified by the entity, and at all times pertinent to the records certified here, the process and system functioned properly and normally.

The Court should permit the government to admit the business records pursuant to Rule 902(11) and 902(13). Courts have permitted the admission certified records in the absence of prejudice to the opposing party, even when notice was delayed. But here, the government provided timely notice, the defendant will not be prejudiced by the admission of the records, and counsel has no objection. The

defendant received these records well in advance of trial, and received the government's notice of its intent to admit these records months before trial. Therefore, as required by Rule 902(11) and 902(13), the defendant has had "a fair opportunity to challenge" the authenticity of the records at issue.[1]

Additionally, under Rule 902(1), domestic public documents that are signed and sealed are self-authenticating. Fed. R. Evid. 902(1). The government intends to introduce records from Michigan Department of Licensing and Regulatory Affairs, the Michigan Secretary of State, and the Kentucky Transportation Cabinet, all of which are signed and sealed. Again, defense counsel does not oppose the admission of these self-authenticating public records, and the Court should permit the government to introduce these records under Rule 902(1).

Further, admission of these documents at the start of trial will streamline the case and avoid the needless exercise of calling multiple record custodians to simply certify what they have already certified in writing. A number of the records custodians listed in the certificates

---

[1] Additionally, on July 8, 2022, the government filed a motion to admit the self-authenticating records under Rule 902 when Mr. Longstreet represented the defendant. (*See* ECF No. 175).

are located out of state, and their anticipated testimony is very short. Pre-admitting these self-authenticating records, to which the defendant does not oppose, will save the litigants, Court, and jury time. Therefore, the United States seeks to admit the self-authenticating records, which are referenced in this motion and included on the disk provided to the Court, under Rule 902(11), Rule 902(13), and Rule 902(1).

                                                Respectfully submitted,

                                                DAWN N. ISON
                                                United States Attorney

                                                <u>s/Danielle Asher</u>
                                                Danielle Asher
                                                Assistant United States Attorney
                                                211 West Fort Street, Suite 2001
                                                Detroit, Michigan 48226
                                                (313) 226-9518
                                                danielle.asher@usdoj.gov

Date: October 20, 2022

## CERTIFICATION OF SERVICE

I hereby certify that on October 20, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

                                              s/Danielle Asher
                                              Danielle Asher
                                              Assistant United States Attorney
                                              211 West Fort Street, Suite 2001
                                              Detroit, Michigan 48226
                                              (313) 226-9518
                                              danielle.asher@usdoj.gov