UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 19-20115

v.                                     Hon. Denise Page Hood

ROMANE PORTER,

      Defendant.
_____/

**ORDER GRANTING MOTIONS FOR HEARING TO DETERMINE
MENTAL COMPETENCY OF THE DEFENDANT TO STAND TRIAL
[ECF Nos. 200, 202], REFERRING DEFENDANT ROMANE PORTER
FOR A MENTAL COMPETENCY EXAMINATION AND SETTING
MENTAL COMPETENCY HEARING AND OTHER DATES**

On November 3, 2022, approximately one month before the jury trial for Defendant Romane Porter was scheduled to commence on December 6, 2022, counsel for Mr. Porter filed a Motion for a Hearing to Determine Mental Competence of the Defendant to Stand Trial. ECF No. 200. On November 18, 2022, Defendant amended the motion to correct the counts charged in the First Superseding Indictment. ECF No. 202 (collectively, ECF Nos. 200 and 202 are referred to herein as "the Motion"). In the Motion, brought pursuant to 18 U.S.C. § 4241 *et seq.*, counsel expresses concern that Mr. Porter may have a history of mental illness,

cognitive impairment, disorder or defect that renders Mr. Porter mentally incompetent, to the extent that Mr. Porter is unable to assist properly in his defense. The Government did not object to the Motion in writing and, at a hearing on November 17, 2022, the Government indicated that it did not take any position on the Motion.

Mental competency determinations are governed by 18 U.S.C. § 4241:

(a) Motion to determine competency of defendant.--At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(b) Psychiatric or psychological examination and report.--Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C.A. § 4241 (West).

The Court has presided over this case since its inception, over three years ago. As the record reflects, and as the Court has stated on the record several times and set forth in numerous orders, Mr. Porter has been represented by many competent defense attorneys.  Mr. Porter currently is represented by his sixth such attorney,

2

Henry Scharg.  In general terms, Mr. Porter and his counsel at any given time often have had a contentious relationship, usually predicated in large part upon Mr. Porter's concern and focus on a matter in state court rather than his case pending in this Court, for which the attorney was appointed.  As set forth in the Motion, when counsel attempts to discuss legal strategies regarding the charges against Mr. Porter in the instant case, "Defendant also becomes inordinately focused on tangential matters and conspiracy theories that impair his ability to assist properly in his defense." ECF No. 200, PageID.1580.

In the course of these proceedings, the Court has observed Mr. Porter engage in such conduct on many occasions in the courtroom, as well as in the many *pro se* filings he has submitted.  Mr. Porter repeatedly has asked to be sent back to state custody so that he can challenge a conviction and sentence there.  He consistently requests discovery pertaining to the state case, many times foregoing the Court's, the Government's, and even his own counsel's attempts to address the issues and charges in this federal case.  Mr. Porter regularly interrupts his own attorney, Government counsel, and the Court when they are speaking in the courtroom.  Mr. Porter also regularly disregards his counsel's advice to not speak in open court.

The Court also notes that each time trial approaches, Mr. Porter engages in conduct or seeks to pursue avenues that preclude the Court's ability to move forward with trial.  The most recent evidence of this behavior, all of which transpired within

five weeks of the December 6, 2022 trial date, likely prompted the present Motion. The Court held a final pretrial conference on October 26, 2022, at which time the parties agreed upon and the Court set a firm trial date of December 6, 2022 (a date Mr. Porter and the attorneys had been given months earlier).  The firm trial date was set because Mr. Porter had frequently declined to engage in serious plea negotiations (at least in part because he was seeking to resolve issues in his state court matter), and Mr. Porter was adamant that he was not going to plead guilty.

Within two days after the October 26, 2022 final pretrial conference, however, Mr. Porter's counsel contacted the Court to get a plea date for Mr. Porter. Accordingly, two days after the final pretrial conference, on October 28, 2022, the Court set a plea date of November 15, 2022.  Five days later, on November 3, 2022, Mr. Porter's counsel filed the instant Motion with information that, if accurate, might preclude the ability of Mr. Porter to make a knowing, intelligent, and voluntary plea. The pendulum has swung from: (a) the intent to go to trial on October 26, 2022, to (b) the intent to plead guilty on October 27 or 28, 2022, to (c) on November 3, 2022, a motion seeking a determination of Mr. Porter's mental competency to stand trial. These events undermine the Court's confidence that Mr. Porter is thinking clearly with respect to the resolution of this case, whether it be going to trial or entering a guilty plea, as well as acting in his own best interests when it comes to assisting his counsel with his defense.

Based on Mr. Porter's counsel's concerns and the Court's observation of Mr. Porter throughout these proceedings, the Court finds there is reasonable cause to believe that Mr. Porter may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly,

IT IS ORDERED that the Motion for a Hearing to Determine Mental Competency of the Defendant to Stand Trial, as amended, [ECF Nos. 200, 202] are GRANTED.

IT IS FURTHER ORDERED that a mental competency hearing be held in this matter on January 27, 2023, at 10:00 a.m. The Jury Trial is reset to February 14, 2023, at 9:00 a.m.  These dates are subject to the completion of the examination, and in the event the examination is not completed consistent with the timeline below, may need to be extended.

IT IS FURTHER ORDERED that:

(1)    A psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of Defendant, 18 U.S.C. §§ 4241(a) and (b), 4247(b);

(2)     Defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, 18 U.S.C. § 4247(b);

(3)     The U.S. Marshal Service transport Defendant to and from the facility;

(4)     The examining psychiatrist or psychologist prepare, as soon as practical, but no later than January 19, 2023, a written report that includes: (a) Defendant's history and present symptoms; (b) a description of the psychiatric, psychological, and medical tests that were employed and their results; (c) the examiner's findings; and (d) the examiner's opinions as to diagnosis, prognosis, and whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(c);

(5)     The examiner shall promptly file **UNDER SEAL** the written report with this Court and provide copies of the report to defense counsel and the attorney for the Government, 18 U.S.C. § 4247(c).  The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order; and

(6)     That the period beginning with Defendant's motion and ending with the conclusion of the competency hearing, 18 U.S.C. §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on Defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

IT IS FURTHER ORDERED that the Bureau of Prisons shall inform the

Assistant United States Attorney once Defendant has been designated to a suitable

facility for the psychiatric or psychological examination, at which time the Court will enter a separate order to transport Defendant to that facility, if required.

      IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: November 18, 2022