## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                  Case No. 19-20115

v.                            Hon. Denise Page Hood

ROMANE PORTER,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTIONS FOR EXPEDITED DETENTION HEARING [ECF Nos. 206 and 226] but GRANTING DEFENDANT'S REQUEST TO BE RETURNED TO STATE CUSTODY

### I.      BACKGROUND.

An Indictment was filed against Defendant Romane Porter on February 28, 2019, alleging six counts of sale/possession of stolen motor vehicles. [ECF No. 1]. At that time of the Indictment, Porter was incarcerated in connection with a different case at the state level. [ECF No. 10]. Porter was arraigned April 16, 2019 before Magistrate Judge David R. Grand. The same day, Porter consented to being detained and waived his anti-shuttling rights under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2. [ECF No. 18, 20]. On June 7, 2022, the first superseding indictment was filed, which amended the charges to one count of conspiracy to

1

transport stolen vehicles and three counts of transportation of stolen vehicles. [ECF No. 167]. Porter is now proceeding in pro per with attorney Henry Scharg serving as stand-by counsel. [ECF No. 224].

Porter has filed several pretrial motions including motions for expedited detention hearing. [ECF Nos. 206 and 226]. However, this motion is actually styled as a motion to be discharged back to state custody pursuant to be returned to state custody pursuant to the Bail Reform Act, 18 U.S.C. Sec 3142, and the IAD waiver that Porter signed at the outset of this matter. [ECF Nos. 226, 18]. Though Porter discusses the criteria for granting bond, the bulk of this motion includes reasons why detention in a state facility would be more favorable to him. The Court will address the requests at this time.

## II.    DETENTION HEARING.

The Court has discretion in deciding whether to reopen a detention hearing under 18 U.S.C. § 3142(f)(2). See *United States v. Watson*, 475 F. App'x 598, 599-600 (6th Cir. 2012). A detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if: 1) the judicial officer finds that information exists that was not known to the movant at the time of the hearing; and 2) that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. 18 U.S.C.A. § 3142(f)(2).

On July 12, 2022, this Court denied Porter's motion for detention hearing because the Court found that Porter is a danger to the community. [ECF No. 191, PageID.1495:17-1496:4; ECF No. 191]. The Court reasoned that Porter's prior felony conviction for drugs and assault coupled with the fact that his assault conviction occurred while he was on State probation for the felony drug conviction and the fact that he was on court supervision at the time of the alleged current offense make Porter a danger to the community. *Id*. The Court further noted that the proposed residence had a firearm that Porter may have access to and that he has a history of alcohol use. *Id*. All things considered; the Court was not convinced that Porter would not pose a threat to the community if released. *Id*.

Porter has not provided any facts to show that there has been a change in circumstances since his last detention hearing which would warrant a different result. Porter's motions for expedited detention hearing are **DENIED**.

## III.    RETURN TO STATE CUSTODY.

Porter waived his rights under the IAD, specifically, to remain in federal custody pending the disposition of this matter. [ECF No. 18]. "The IAD is a compact between forty-eight states, the Federal Government, and the District of Columbia." *Jenkins v. United States*, 394 F.3d 407, 412 (6th Cir. 2005). The IAD establishes "cooperative procedures to encourage the expeditious and orderly disposition of charges outstanding un one jurisdiction against a prisoner who is already

3

incarcerated in another jurisdiction." *Id*. at 413 citing 18 U.S.C. App 2 § 2, art. I. (internal quotation marks omitted). "The IAD facilitates the transfer of prisoners to the receiving State for trial prior to the termination of his sentence in the sending State, and it seeks to minimize the consequent interruption of the prisoner's ongoing term." *Id*. citing *Alabama v Bozeman*, 533 U.S. 146, 148, 121 S.Ct. 2079, 150 L.Ed.2d 188 (2001) (internal quotation marks omitted).

To the extent that Porter's motion requests he be returned back to State custody in order to seek parole in his State case, the request is **GRANTED**.  As Porter acknowledges, he has waived his rights under the IAD from remaining in federal custody until the adjudication of the federal indictment.  The Court retains the right to issue any further writs for Porter's return to federal custody for any future hearings and/or trial in order to adjudicate the Indictment, which remains before the Court.

## IV.   ORDER

For the reasons set forth above,

**IT IS SO ORDERED** that Romane Porter's motions for expedited detention hearing [ECF Nos. 206 and 226] are **DENIED**.  However, the request to be returned to State custody is **GRANTED**.

4

**IT IS FURTHER ORDERED** that the United States Marshals shall cause Romane Porter to be returned to State custody and the *writ ad prosequendum* be discharged by the Government.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2023