UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-20115
    Hon. Denise Page Hood

ROMANE PORTER,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS, PHONE AND ALL TANGIBLE EVIDENCE [ECF NO. 211]

Defendant Romane Porter moves this Court to suppress any statements made after a search that took place at Porter's house and "all tangible evidence and statements arising from" the same. [ECF No. 211, PageID.1702]. Porter claims that he was unlawfully arrested by the Detroit Police Department in violation of the Fourth Amendment on September 13, 2016, in connection with thirteen stolen vehicles found on his property. [ECF No. 211, PageID.1699]. He alleges that he was arrested without probable cause and the arresting officers arrested him even though they knew the cars were not stolen. *Id*. at PageID.1700. Porter states that his counsel was present at the scene of the alleged unlawful arrest. *Id*.

Porter conflates the arrest stemming from his state case with the circumstances of his federal detainment. The Court has reminded Porter on a number of occasions

that the Court is not required to discuss anything not relevant to the present matter. Porter is correct that the federal government did not seek or obtain an arrest warrant in this matter, however, he is misled regarding the arrest warrant requirement. Generally, Federal Rule of Criminal Procedure 4 requires an attorney for the government to obtain an arrest warrant before arresting an individual. Here, the government did not need to seek or obtain an arrest warrant for Porter because he was already in state custody at the time that he was indicted on the charges pending before this Court. *Id*. at PageID.1703; ECF No. 10. Instead, the government sought and obtained a writ of habeas corpus ad prosequendum pursuant to 28 USC § 2241(c)(5) and Local Rule 72.1(a)(2)(L). ECF No. 10. 28 U.S.C. § 2241(c)(5) authorizes the granting of writs of habeas corpus in cases where "it is necessary to bring [a prisoner] to court to testify or for trial." Most, if not all, of the allegations presented by Porter in support of suppression relate to the circumstances surrounding his arrest in furtherance of the state charges against him for which he has already been convicted of and sentenced. Therefore, these arguments are not relevant to the matter before this Court.

In light of the foregoing,

**IT IS SO ORDERED** that Defendant's Motion to Suppress Statements,

Phone and all tangible evidence [ECF No. 211] is **DENIED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 1, 2023