UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-20115
    Hon. Denise Page Hood

ROMANE PORTER,

    Defendants.
_____/

## ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR A PRIVATE INVESTIGATOR [ECF NO. 228]

Now, before the Court is Defendant Romane Porter's Ex Parte Motion for a Private Investigator. [ECF No. 228]. The Criminal Justice Act, 18 U.S.C.§ 3006A(e)(1), allows Porter to make an ex parte request for a private investigator and paralegal. Porter's request may be granted upon a finding that "the services are necessary and that the person is financially unable to obtain them." 18 U.S.C § 3006A(e)(1). "The word 'necessary' in § 3006(A) requires defendants to show that '(1) such services are necessary to mount a plausible defense, and (2) without such authorization, [their] case would be prejudiced.'" *United States v. Marin*, 635 F. Supp. 3d 565, 572 (E.D. Mich. 2022) quoting *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002). "An indigent criminal defendant may not use § 3006A(e)(1) to fund a speculative 'fishing expedition." *United States v. Howard*, 621 F.3d 433, 447 (6th Cir. 2010) quoting *United States v. Clark*, 385 F.3d 609, 618

1

(6th Cir.2004). Therefore, "[a] district court need not grant an indigent's motion under § 3006A on the off chance that the requested services might turn up something." *United States v. Gilmore*, 282 F.3d 398, 406 (6th Cir. 2002).

Porter is proceeding pro se after being appointed six (6) attorneys pursuant to the Criminal Justice Act, 18 U.S.C.A. § 3006A, and the Sixth Amendment. [ECF 221, PageID.1780]. Porter claims that "an investigator and paralegal at the Court's expense [are] necessary to follow up on leads relevant to the charges against him." [ECF No. 228, PageID.1898]. Furthermore, Porter asserts that a private investigator and paralegal are necessary for him to prepare for trial and to prepare an exculpatory defense because he is disabled and currently detained. *Id*. The Court does not disagree that Porter is indigent, however, Porter has not shown that a private investigator or paralegal are necessary.

This matter has been pending before the Court since 2019. The Court has provided Porter with six well-established, very knowledgeable officers of this Court. Mr. Porter was dissatisfied with his appointed counsel because they refused to file motions which they deemed meritless. Porter's standby counsel, Mr. Scharg, has stated on the record that he has provided Porter with all discovery within his possession related to this matter despite the fact that Porter insists there is more. [ECF No. 221, PageID.1793]. Mr. Scharg has also stated that Porter is seeking discovery documents that are not required to be produced and are also not relevant

2

to this matter. [ECF No. 222, PageID.1860]. There have also been several trial dates set for this matter, however, the Court has noted that "each time trial approaches, Mr. Porter engages in conduct or seeks to pursue avenues that preclude the Court's ability to move forward with trial." [ECF No. 204, PageID.1617]. Porter has not shown that there is a need for the Court to appoint a private investigator or paralegal on his behalf or that the absence of such will prejudice him. Therefore, Porter's motion is DENIED.

In light of the foregoing,

**IT IS SO ORDERED** that Porter's Ex Parte Motion for a Private Investigator is DENIED.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  November 1, 2023