# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 19-20115
                                    Hon. Denise Page Hood

ROMANE PORTER,

    Defendants.

_____/

## ORDER DENYING DEFENDANT'S EX PARTE MOTION TO COMPEL DISCOVERY [ECF NO. 229]

**I.    INTRODUCTION**

Now before the Court is Defendant Romane Porter's Motion to Compel Discovery, [ECF No. 229]. Porter requests that each of his former lawyers, his present standby counsel, and the government disclose all legal discovery in their possession. [ECF No. 229, PageID.1902]. Porter insists that he be granted access to all vehicles confiscated from his home, video files, audio files, transcripts, chat files chat notepad files, native files, sent and inbox files, text messages, emails, phone logs, GPS logs and other exculpatory evidence that is allegedly missing from Porter's discovery files. *Id*. at PageID.1903. He further requests any surveillance videos, drone videos, notes, and reports from Porter's former attorneys. *Id*.

1

## II. STANDARD

Porter relies on Federal Rule of Criminal Procedure 16(a)(1)(E) in support of his motion. *Id.* at PageID.1902. Rule 16(a)(1)(E) states:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Porter claims that the physical vehicles confiscated by FBI Agent Taylor and others may contain evidence of his innocence, including DNA evidence. [ECF No. 229, PageID.1903]. However, Porter does not allege that any of the other materials requested fall into the three categories of items which may be inspected or copied.[1] Instead, Porter alleges that he has seen the remaining items but that they are now missing.

The Supreme Court defines "defense" in the context of Rule 16 to mean the "defendant's response to the Government's case in chief." *United States v. Hinds*,

---

[1] The Court notes that Rule 16 only allows Porter to request items from the government. Therefore, to the extent that his motion requests that the Court compel his former attorneys or standby counsel to produce anything, those requests are denied as moot.

2

No. 18-20533, 2021 WL 5234512, at *2 (E.D. Mich. Nov. 10, 2021). Rule 16 "applies only to … claims that refute the Government's arguments that the defendant committed the crime charged." *Id.* quoting *United States v. Semrau*, 693 F.3d 510, 529 (6th Cir. 2012). To demonstrate that an item is material to preparing a defense, defendant must show "an indication that pre-trial disclosure would have enabled the defendant to 'alter the quantum of proof in his favor.'" *Id*. (clean up). Furthermore, Rule 16 does not require the government to turn over anything that is not in its possession, custody, or control. *United States v. Warren*, 782 F. App'x 466, 471 (6th Cir. 2019).

### III. ANALYSIS

Porter is charged with one count of conspiracy to transport stolen vehicles in violation of 18 U.S.C. §§ 371 & 2312 and three counts of transportation of stolen vehicles in violation of 18 U.S.C. §§2312 & 2. [ECF No. 167]. Neither the presence of DNA nor the chain of custody of the vehicles would tend to negate his guilt on any of the charges against him. Therefore, the Court cannot conclude that the presence of Porter's DNA on the vehicles is material to his defense of the charges.

To the extent that Porter requests video files, audio files, transcripts, chat files chat notepad files, native files, sent and inbox files, text messages, emails, phone logs, GPS logs and other exculpatory evidence from the government, he has not specified anything in particular which would allow the government to determine

whether or not it actually possesses the items sought. Further, Porter has not shown that such items are material to preparing a defense. Porter merely claims that he has seen the items before, but they are now gone. Mr. Scharg has stated that Porter has been given all discovery which Mr. Scharg has in his possession, which presumably is all items discoverable pursuant any Court Rule. [ECF No. 221, PageID.1816]. Mr. Porter has not shown that he is entitled to any of the items he seeks.

## IV. CONCLUSION

In light of the foregoing,

**IT IS SO ORDERED** that Defendant's Motion to Compel Discovery is **DENIED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 1, 2023