UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROMANE PORTER,

    Defendants.
_____/

Case No. 19-20115
Hon. Denise Page Hood

**ORDER DENYING DEFENDANT'S VARIOUS MOTIONS**
**ECF NOS. 212, 214, 215 and 225**

## I.    BACKGROUND

The Government indicted Defendant Romane Porter on February 28, 2019. [ECF No. 1]. On or around June 7, 2022, the government obtained and filed with the Court the First Superseding Indictment against Porter. [ECF No. 167]. The Court has appointed Porter six (6) attorneys pursuant to the Criminal Justice Act, 18 U.S.C.A. § 3006(A), and the Sixth Amendment. [ECF No. 221, PageID.1780; ECF No. 204, PageID.1617]. In most cases, Porter rejected the services of his appointed counsel when they refused to file pretrial motions Porter insists are necessary to protect his due process rights. [ECF No. 221, PageID.1810]. This matter has been set for trial on several occasions, however, as the Court has noted, each time trial

1

approaches, Porter engages in conduct or seeks to pursue avenues that preclude the Court's ability to move forward with trial. [ECF No. 204, PageID.1617]

Porter is now proceeding in pro per with formerly appointed counsel, Henry Scharg, serving as stand-by counsel. [ECF No. 221, PageID.1814-1815]. Throughout this matter, Porter has attempted to file numerous pro se motions while represented by counsel, many of which were stricken by the Court as improper filings. [ECF Nos. 123-126; ECF No. 204, PageID.1617]. Nevertheless, the Court addressed and denied several of Porter's motions for the reasons stated in its May 16, 2022, Order. [ECF No. 162]. The Court has also addressed motions made by Porter in open court. [ECF No. 176, PageID.1211].

Porter has, again, filed several pretrial motions in this matter. Currently pending before the Court are:

1. ECF No. 211 – Defendant's Motion to Suppress;

2. ECF No. 212 – Defendant's Motion to Dismiss the Indictment based on unfulfilled promises, threats, and inducements by the government or in the alternative hold an evidentiary hearing;

3. ECF No. 214 – Defendant's Motion to Dismiss the Indictment pursuant to Franks v. Delaware or in the alternative to hold a Franks' hearing;

4. ECF No. 215 – Defendant's Motion for Reconsideration of Appointment of Standby Counsel;

5. ECF No. 225 – Defendant's Motion to Dismiss the Indictment or an inspection of limited grand jury materials pursuant to Federal Rule of Criminal Procedure 6(E);

2

6. ECF No. 227 – Defendant's Motion to All Defendant to Possess a Laptop Computer and Electronic Discovery;

7. ECF No. 228 – Defendant's Motion for a Private Investigator and Paralegal; and

8. ECF No. 229 – Defendant's Motion to Compel Discovery.

Many of Porter's motions include arguments related to his Michigan State matter. The Court has already addressed the claims and requests made in ECF Nos. 212, 214, and 225. Porter has also filed a motion for reconsideration related to the appointment of Henry Scharg as standby counsel in this matter. [ECF No. 215]. Because ECF Nos. 212, 214, 225, and 215 present arguments and requests which the Court has already ruled upon, Porter's motions are denied as untimely motions for reconsideration. All other motions will be addressed in separate orders.

## II.  STANDARD

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration of non-final orders must be filed within fourteen (14) days after entry of the order. E.D. Mich. LR 7.1(h)(2). No response to the motion and no oral argument are permitted unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(3). Motions for reconsideration may be brought upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F. 3d 367, 374 (6th Cir. 1998) (motions under Fed. R. Civ. P. 59(e) "are aimed at *re* consideration, not initial consideration") (citing *FDIC v. World Universal Inc.*, 978 F. 2d 10, 16 (1st Cir. 1992)).

III. ANALYSIS

**A. ECF No. 212 – Motion to Dismiss Indictment Pursuant to Unfulfilled Promises, Threats, and Inducements by the U.S. Government or in the Alternative Hold an Evidentiary Hearing.**

ECF No. 212 is Defendant's motion to dismiss the indictment pursuant to unfulfilled promises, threats, and inducements by the government or in the alternative a request to hold an evidentiary hearing. [ECF No. 212]. Defendant has previously filed a similar motion, ECF No. 128, asking the Court to dismiss the indictment against him on different grounds. In ECF No. 128, Defendant claimed that the Government "[s]uppressed, discarded, withheld, or blatantly d[e]stroyed exculpatory evidence" that it had an obligation to produce under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), including Porter's state court plea form, GPS tether data, and an FBI promise not to indict him. [ECF No. 162, PageID.1224]. The Court was

4

not persuaded that any of Porter's claims raised *Brady* violations and denied his motion to dismiss the indictment pursuant to Fed. R. Cr. P. 12(b)(c) & (e). *Id*. at PageID.1224-1226.

Porter now argues that the indictment should be dismissed because Officer McCoy of the Oakland County Sheriff's Department offered him a plea deal related to Porter's state case and made Porter promises which were not kept. [ECF No. 212]. As the Court noted in its May 16, 2022, Order, Porter's state court charges and any plea related thereto are not material here. [ECF No. 162, PageID.1224]. Porter alleges that these events took place in the fall of 2017. Porter has not alleged that the facts presented now are facts that were not known to him prior to the filing of his initial motion to dismiss the indictment, there has been a change in the law which warrants a second bite at the apple, or that the Court's ruling was wrong in its May 16, 2022 Order where the Court addressed Porter's arguments related to dismissing the indictment as required by L.R. 7.1(h)(2). Furthermore, Porter's motion is untimely. Motions for reconsideration "must be filed within 14 days after entry of the judgment or order." L.R. 7.1(h). Porter's motion was filed May 17, 2023, exactly a year and a day after the Court's order was filed. Therefore, Porter's motion to dismiss the indictment pursuant to unfulfilled (sic) promises, threats, and inducements by the U.S. government [ECF No. 212] is DENIED.

5

## B. ECF No. 214 – Motion to Dismiss Indictment Pursuant to *Delaware v. Franks*[1] or in the Alternative Hold a Frank's Hearing.

The Court has also made a ruling on the arguments put forth in ECF No. 214. [ECF No. 162, PageID.1227]. ECF No. 214 requests that the Court dismiss the indictment pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) or in the alternative hold a Frank's hearing. [ECF No. 214, PageID.1718]. Defendant, again, wishes to challenge the sufficiency of the indictment as well as a search warrant that was issued in September of 2017. *Id*. Defendant proffers many of the same arguments related to events which took place at the crime scene and alleged interactions between law enforcement and a magistrate judge. *Id*. at PageID.1719. see also ECF No. 129, PageID.813.

The Court recognizes that in certain circumstances, a defendant in a criminal proceeding is entitled to an evidentiary hearing to challenge the truthfulness of factual statements made in the affidavit supporting the warrant. See *Franks v. Delaware*, 438 U.S. 154, 164-65 (1978). However, disclosure of grand jury matters "is proper only on a showing of 'compelling necessity' and 'particularized need.'" *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986). In its May 16, 2022, Order, the Court ruled that "Defendant has not 'pointed to anything in the record which might suggest that the prosecution engaged in improper conduct before the grand

---

[1] The Court notes that Porter miscites *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) in the title of his motion.

jury [, so his claims] amount to nothing more than unsupported speculation, and this is not enough to constitute a 'particularized need.'" [ECF No. 162, PageID.1229] quoting *United States v. Stone*, No. 2:10-CR-20123, 2011 WL 3348051, at *4 (E.D. Mich. Aug. 3, 2011). Likewise, Porter's current motion falls short of alleging facts sufficient to show that disclosure of grand jury matters is necessary. Because the Court has already adjudicated Porter's motion, ECF No. 214 is DENIED.

### C. ECF No. 225 – Motion to Dismiss Indictment or an Inspection of Limited Grand Jury Materials Pursuant to Fed Rul of Crim Proc 6(E).

ECF No. 225 is also denied as an untimely motion for reconsideration. Defendant, again, moves to dismiss the indictment or to inspect grand jury materials pursuant to Federal Rule of Criminal procedure 6(E). As stated above, the Court has already addressed Porter's request in its May 9, 2022, Order. Porter insists that he has grand jury materials which reveal impropriety, taint, government misconduct, or impairment of the grand jury's independence. [ECF No. 225, PageID.1874]. Yet, he alleges, without proof, that his indictment hinges on intentional false statement, gossip, rumors, and intimidation. *Id*. at PageID.1878. As described in ECF 162, PageID.1229, Porter presumably does not know what information was presented to the grand jury, and he has, again, failed to identify any alleged defect or deficiency in the indictment. He instead blindly alleges that the Government presented fabricated and false information to the grand jury in order to obtain the indictment. On or around December 7, 2021, Defendant filed a motion to dismiss the indictment

7

and requested a Franks hearing. [ECF No. 129]. Defendant argued that he was indicted without a complaint or supporting affidavit in violation of Fed. Rul. Cr. Pr. 4(B). *Id*. Defendant stated that the substance of the accusation did not establish reasonable cause to believe he committed the crime and further alleged that officers used fabricated/false evidence and statements at the grand jury proceedings to obtain an indictment against Defendant. [ECF No. 162, PageID.1227]. The Court is not required to re-adjudicate the same arguments it has already ruled upon absent new information. Therefore, Defendant's motion to dismiss, ECF No. 225 is DENIED.

### D. ECF No. 215 – Motion for Reconsideration of Appointment of Standby Counsel Henry Scharg and Appointment of New Counsel.

ECF No. 215 is Defendant's motion for reconsideration related to the appointment of Henry Scharg as standby counsel as Porter proceeds pro se. see ECF No. 221, PageID.1814-1815. Porter asks this Court to reconsider appointing Mr. Scharg as standby counsel "due to a conflict of interest, bias, animosity, and resentment (sic) toward Defendant." [ECF No. 215, PageID.1730]. As mentioned above, motions for reconsideration are required to be brought within fourteen days of the challenged order. E.D. Mich. LR 7.1(h)(2). Porter challenges the Court's April 27, 2023 ruling, however, he did not file his motion for reconsideration until May 24, 2023. Porter's motion for reconsideration is untimely and therefore DENIED.

### IV. CONCLUSION

In light of the foregoing,

8

**IT IS SO ORDERED** that Defendant's Motion to Dismiss Indictment pursuant to Unfulfilled Promises, Threats, and Inducements by the U.S. Government or in the Alternative Hold an Evidentiary Hearing [ECF No. 212] is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment Pursuant to Franks v. Delaware or in the Alternative Hold a Franks' Hearing [ECF No. 214] is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration [ECF No. 215] is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Indictment or an Inspection of Limited Grand Jury Materials Pursuant to Federal Rule of Criminal Procedure 6(E) [ECF No. 225] is DENIED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 1, 2023