UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 19-20115
    Hon. Denise Page Hood

ROMANE PORTER,

    Defendants.
_____/

## ORDER DENYING ORAL MOTION TO DISMISS AND ORAL MOTION FOR BOND, DISCHARGING STANDBY COUNSEL, AND APPOINTING NEW COUNSEL

On June 7, 2022, Defendant, Romane Porter, was charged in a four-count First Superseding Indictment ("FSI"). The FSI charged Porter with one count of conspiracy to transport stolen vehicles in violation of 18 U.S.C. §§ 371 & 2312 and three counts of transportation of stolen vehicles in violation of 18 U.S.C. §§ 23112 & 2. On June 6, 2023, the Court ordered Porter to proceed *pro se* after being appointed six attorneys and demonstrating that he did not want the assistance of counsel. [ECF No. 221, PageID.1814]. The Court appointed Henry Scharg as standby counsel for Porter. *Id*. at PageID.1815.

On March 12, 2024, the Court held a jury trial as to the charges alleged in the FSI. On April 4, 2024; a jury found Porter guilty on all counts. Throughout the trial, Porter raised numerous oral allegations of due process violations by the Court,

prosecutors, his own standby counsel, the U.S. Marshals, and various detention facilities, including FDC Milan, seeking dismissal of the case. Porter has also, made several requests to be released by the U.S. Marshals pending the outcome of trial and now pending sentencing. The Court has interpreted Porter's requests as a motion to dismiss and a motion for bond.

On April 8, 2024, the Court held a hearing on these matters. There, the Court denied Porter's motion to dismiss the indictment for the reasons set forth in the May 16, 2022, Order of this Court [ECF No. 162] and for the following reasons:

1. Speedy Trial Act – Porter has failed to show that he has been prejudiced by any delay in this matter.
2. Conspiracy – Porter has failed to make a showing sufficient to prove that a conspiracy to interfere with his ability to defend his case has taken place.
3. Witnesses – Porter has failed to show that the Court denied him the ability to call or contact witnesses in aid of his defense.

The Court also took up the matter of Porter's detention. For several weeks, Porter has alleged that he has been paroled from the custody of the Michigan Department of Corrections ("MDOC") and this Court is the only thing keeping him from going home. On February 26, 2024, Pretrial Services completed an updated interview with Porter at the Court's request. Pretrial Services provided the Court with a memorandum of its findings on March 12, 2024, which was updated again on April 5, 2024, following trial. The memorandum states that Porter has a verified place to live and plans to return to work at the Stellantis Jefferson North Assembly

Plant. In both instances, Pretrial Services has recommended detention. The Court has been in contact with the MDOC through Pretrial Services in this regard and it has been established that Porter was paroled to the custody of the U.S. Marshals on March 5, 2024. However, Porter must return to MDOC custody to retrieve his release packet and personal property before release can be granted.

The Government opposes Porter's request for bond, citing 18 U.S.C. 3143 and arguing that there is a presumption in favor of detention given the guilty verdict. The Government also argues that Porter's employment with Stellantis has not been verified.

The Court will allow Porter to return to MDOC custody to finalize the issue of parole related to his State detention but require Porter to be brought back to Federal custody upon release to determine the issue of bond in this matter. Therefore, Porter's motion for bond is denied at this time.[1]

In light of the foregoing,

**IT IS SO ORDERED** that Defendant's oral motion to dismiss this matter is **DENIED**.

---

[1] Following the Court's ruling on the Motion to Dismiss and Motion for Release from Detention, the Court thanked and discharged Henry Scharg as standby counsel and appointed Edward Bajoka to represent Porter going forward. Mr. Scharg was standby counsel for the pre-sentence interview by the Probation Department.

**IT IS FURTHER ORDERED** that Defendant's oral motion for bond is **DENIED**.

**IT IS FURTHER ORDERED** that Henry Scharg is discharged from his duty as standby counsel for Defendant.

**IT IS FURTHER ORDERED** that Edward Bajoka is appointed counsel for Defendant at Defendant's request to file a Motion for New Trial, for future post-trial issues, and for sentencing purposes.

**SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 19, 2024